
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIMOTHY SAENZ, | No. 15-35799 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-01696-SI |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted March 29, 2017[**]

Before:     GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

Timothy Saenz appeals the district court's judgment affirming the

Commissioner of Social Security's denial of his application for disability insurance

benefits under Title II of the Social Security Act.  We have jurisdiction under 28

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo, *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we affirm.

The administrative law judge ("ALJ") provided clear and convincing reasons for partially rejecting Saenz's testimony by stating that Saenz gave inconsistent statements about his alcohol use. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (ALJ is may rely on inconsistent statements about the use of alcohol to reject a claimant's testimony). Further, the ALJ did not err in considering the lack of objective medical evidence to support Saenz's assertions regarding the severity of his limitations. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis.").

The ALJ provided specific and legitimate reasons, supported by substantial evidence, for giving examining physician Donald Ramsthel's contradicted opinion very little weight by stating that Dr. Ramsthel's opinion was not supported by any contemporaneous medical evidence and that his opinion was based largely on Saenz's subjective complaints of pain. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (ALJ need not accept a contradicted, self-reported opinion that is inadequately supported by clinical findings); *see also Tommasetti v. Astrue*,

2

533 F.3d 1035, 1041 (9th Cir. 2008) (ALJ may reject a medical opinion relying upon a claimant's self-reporting that was properly discounted as not credible).

The ALJ provided germane reasons for only giving some weight to the opinions of lay witnesses Idas Saenz and Jessica Fox by stating that their opinions were either accounted for in the residual functional capacity or not supported by the medical evidence. *See Molina*, 674 F.3d at 1114 (ALJ must give reasons that are germane to each witness to discount competent lay witness testimony).

The ALJ did not err in relying upon the testimony of the vocational expert ("VE") in determining that Saenz could perform jobs that existed in significant numbers in the national economy because the VE provided testimony based on his experience and expertise about the type and number of jobs that Saenz could perform. *See Johnson v. Shalala*, 60 F.3d 1428, 1436 (9th Cir. 1995) (a VE's expertise concerning the "existence and characteristics of jobs available" is sufficient "to overcome the presumption drawn from the [Dictionary of Occupational Titles]"); *see also Bayliss*, 427 F.3d at 1218 (no additional foundation beyond a VE's expertise is necessary to form the foundation of his testimony).

**AFFIRMED.**

3